## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action Number 1:19-cv-02649

James Pope,
    Plaintiff,

v.

Bank of America, N.A.,
    Defendant.

## COMPLAINT

1. Plaintiff is a resident of Denver, CO.

2. Defendant Bank of America, N.A. ("Bank of America" or "BofA") is a national association located at 100 North Tryon Street, Charlotte, NC 28255.

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 because this action arises under a federal statute, the Fair Credit Reporting Act.

4. In September 2016, Plaintiff and his wife were vacationing in Cancun, Mexico, when they were approached by members of Lifestyle Vacation Club and given a timeshare presentation.

5. Unknown members of Lifestyle forged credit application(s) and signatures of Plaintiff, and illegally opened a Bank of America, N.A. credit card account in Plaintiff's name.

6. As soon as Plaintiff discovered the fraud, he began disputing it directly with Bank of America, N.A. to no avail.

7. Then, Ms. Pope began disputing the fraudulent account with the consumer reporting agencies, Equifax, Experian, and Trans Union, who in turn notified Bank of America, N.A. of the dispute by sending ACDV forms via the e-Oscar system.

8. This triggered Bank of America, N.A.'s duties to perform a reasonable investigation into the dispute pursuant to 15 U.S.C. § 1681s-2(b), which Bank of America, N.A. failed to do. Bank of America, N.A. failed to review and consider several important pieces of information when conducting its investigations, such as letters from their attorney, FTC report, Denver Police Department Report, and an IC3 case report. Additionally, on each occasion, Bank of

America failed to accurately report to the consumer reporting agencies that Plaintiff disputed the credit reporting.

9. In April 2018, Equifax notified Defendant of Plaintiff's dispute through the e-Oscar system, and BofA assigned Veeresham Gunny as the investigator. Veeresham Gunny, on behalf of BofA, falsely verified the inaccurate account to Equifax.

10. In April 2018, Trans Union notified Defendant of Plaintiff's dispute through the e-Oscar system, and BofA assigned Srinivas Thota as the investigator. Srinivas Thota, on behalf of BofA, falsely verified the inaccurate account to Trans Union.

11. In November 2018, Equifax notified Defendant of Plaintiff's dispute through the e-Oscar system, and BofA assigned Michelle Monarez as the investigator. Michelle Monarez, on behalf of BofA, falsely verified the inaccurate account to Equifax.

12. In November 2018, Trans Union notified Defendant of Plaintiff's dispute through the e-Oscar system, and BofA assigned Anita Faison as the investigator. Anita Faison, on behalf of BofA, falsely verified the inaccurate account to Trans Union.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

13. Plaintiff re-alleges and incorporates the above allegations as if fully set out herein.

14. Defendant negligently and willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations into Plaintiff's disputes by failing to review relevant and important information, such as the fact that Plaintiff and the consumer reporting agencies had provided BofA with a police report and affidavit from Plaintiff. Defendant further negligently and willfully violated 15 U.S.C. § 1681s-2(b) by failing to block and/or delete the inaccurate information after it could not be verified, and by failing to accurately report that Plaintiff disputed the debt.

15. Instead, BofA's "investigation" system has intentionally been designed to be basically a rubber stamping of previous false reporting, which involves the "investigator" spending 1-2 minutes on the dispute and simply comparing basic data such as SSN, name, DOB, etc, and then matching the data in the credit bureau's computer with BofA's computer. Such action does not even meet the dictionary definition of the terms "investigation" and "verification."

16. Defendant's violations of the FCRA caused Plaintiff actual damages to be determined at trial such as inconvenience, emotional distress, harm to credit rating, and lost credit opportunities.

WHEREFORE, Plaintiff seeks the following relief:

a. actual damages;
b. punitive damages;
c. attorney fees;
d. and costs.

s/ Matthew R. Osborne

Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**